IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALFONSO PERCY PEW,            )
                              )
           Plaintiff,         )    Civil No. 11-1003
                              )    Magistrate Judge Lisa Pupo Lenihan
       v                      )
SUPERINTENDENT FOLINO, *et al.*   )
                              )
           Defendants.        )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**

It is respectfully recommended that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) be denied.

**REPORT**

Plaintiff, Alfonso Percy Pew, an inmate at the State Correctional Institution at Rockview, has sought leave to proceed *in forma pauperis* (IFP) in order to file a civil rights complaint against Superintendent Louis Folino and others for alleged violations of his First, Eighth, and Fourteenth Amendment rights. These violations allegedly occurred from "September 29 and October 3" at SCI-Greene.

It is a plaintiff's burden to prove entitlement to IFP status. *See* White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The court takes judicial notice of court records and dockets of the Federal Courts located in the Commonwealth of Pennsylvania as well as those of the Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial

notice of public records). The computerized dockets of those courts reveal that Plaintiff has filed at least 29 cases in the three District Courts and at least 14 actions in the Court of Appeals. Those dockets further reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g). The three strikes that Plaintiff has accumulated are as follows. The first strike is Pew v. Cox, No.93-2041 (3d Cir. order of dismissal filed 3/31/94 which reads in pertinent part "ORDER . . . granting appellant's motion to proceed in forma pauperis. Dismissing appeal pursuant to 28 U.S.C. Section 1915(d). Dismissing the motion for counsel as moot"). The second strike is Pew v. Casner, No. 95-7176 (3d Cir. order of dismissal filed 7/31/95 providing as follows: "Order . . . granting motion for leave to proceed in forma pauperis. The appeal is dismissed as frivolous pursuant to the terms of 28 U.S.C. Section 1915(d)"). The third strike is Percy v. Love, No. 96-7314 (3d Cir. order of dismissal filed 10/24/96 which granted Plaintiff permission to proceed IFP but which provided that the "appeal is dismissed for lack of legal merit pursuant to 28 U.S.C. Section 1915(e).").[2] Furthermore, the fact that at least

---

1 See Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

2 A dismissal for "lack of legal merit" is a dismissal for frivolousness within the meaning of Section 1915(e). See Snyder v. Riggs, Civil No. 96-1569, 1996 WL 103820, at *4 (E.D. Pa. March 8, 1996) (equating a claim "without legal merit" to a claim that is "frivolous").

two of these strikes occurred before the enactment of the PLRA is no bar to counting them as strikes. Keener v. Pennsylvania Bd. Of Probation and Parole, 128 F.3d 143, 144 (3d Cir. 1997). Accordingly, because Plaintiff has at least three strikes[3] he may not proceed IFP, unless "the prisoner is under imminent danger of serious physical injury" as revealed by the complaint because imminent danger of physical injury must be assessed as of the time of filing the application for leave to proceed IFP and/or the complaint. *See* Abdul-Abkar v. McKelvie, 239 F.3d 307 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) ("The plain language of the statute [i.e., Section 1915(g)] leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.").

Viewing Plaintiff's allegations most generously, the court has no hesitancy in concluding that Plaintiff has not met the threshold of showing "an **imminent** danger of serious physical injury" at the time of his filing the complaint which the court takes to be July 6, 2011, the date whereon he signed his complaint and the IFP application. (emphasis added). *See, e.g.*, Abdul-Akbar v. McKelvie, 239 F.3d at 313 ("Someone whose danger has passed cannot reasonably be described as

---

3  In fact, Plaintiff has more than three strikes. Some of the other strikes are as follows: Pew v. Cox, No. 1993-CV-4128 (E.D. Pa. order of dismissal Doc. # 2); Pew v. Pavicic, No. 94-CV-4821 (E.D. Pa. order of dismissal Doc. # 2). Moreover, there is no bar to counting the dismissal of a case in the District Court level as one strike and the dismissal of appeal as frivolous by the Circuit Court of Appeals from the District Court's disposition as a second strike. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996) ("both the frivolous appeal and a lower court's dismissal as frivolous count" as strikes); Hains v. Washington, 131 F.3d 1248, 1250 (7th Cir. 1997)("A frivolous complaint (or as in this case a complaint that is dismissed under § 1915A for failure to state a claim) followed by a frivolous appeal leads to two "strikes" under 28 U.S.C. § 1915(g)."); Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 780 (10th Cir. 1999)("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").

someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'). For example, in Abdul-Akbar, a prisoner with three strikes, filed on February 10, 1998, a motion for leave to proceed IFP in a civil rights suit, which alleged that on January 9, 1998, prison officials arbitrarily sprayed the prisoner with pepper gas and thereafter refused to provide him with medical treatment even though the prison officials knew the prisoner suffered from asthma. The District Court denied the prisoner IFP status based on his three strikes. The prisoner appealed, and the Court of Appeals, *en banc*, speaking through Judge Aldisert, held that notwithstanding the passage of less than one month, between the incident and the filing of the IFP application, the prisoner plaintiff did not demonstrate imminent danger of serious physical injury. The majority of the Court held such even though the dissent argued that the prisoner was under an ongoing imminent danger of physical injury because he was still subject to the control of the same guards that had sprayed him with the pepper gas.

Instantly, Plaintiff's case is even weaker than the prisoner's case in Abdul-Akbar. Whereas, a mere 31 days passed between the pepper spray incident and the prisoner's filing of his IFP application in Abdul-Akbar, here, Plaintiff waited for more than one year to file his IFP application after the alleged wrongdoing by the Defendants in their failure to oversee guards at SCI-Greene. If the danger to the prisoner in Abdul-Akbar was past and not imminent after 31 days, *a fortiori*, the danger to Plaintiff herein had certainly passed and was not "imminent" after more than one year.

Plaintiff's complaint does not make any such similar allegation of ongoing imminent danger. In fact, it has come to the court's attention that Plaintiff was transferred out of SCI-Rockview and now is incarcerated at SCI-Smithfield. Because Plaintiff herein has failed to allege any facts that would permit him to proceed IFP, he should be denied leave to so proceed. If the District Court

4

adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee of $350.00 and have his complaint filed.

**CONCLUSION**

Based on the discussion above, it is respectfully recommended that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full $350.00 filing fee within sixty (60) days.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

August 8, 2011
Lisa Pupo Lenihan
U.S. Magistrate Judge

cc: Alfonso Percy Pew
BT-7263
SCI at Center
Box A
Bellefonte, PA 16823-0820